**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| NATHANIEL JAMES FAUBER, | ) | |
| PLAINTIFF, | ) | CIVIL ACTION No. 3:10-CV-00059 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH, ET AL. | ) | BY: HON. NORMAN K. MOON |
| DEFENDANTS. | ) | UNITED STATES DISTRICT JUDGE |

Plaintiff filed this pro se civil action alleging, *inter alia*,

habeas corpus, Whistle Blower Retaliation, Identity theft, medical insurance fraud, Violations to constitutional laws; hate crimes, Torture, medical experimentation on human life, fraud, invading personal privacy, conspiracy, impersonating family member, misuse of a state position, denial to fair impartial trials, bribery, emotional duress, mishandling of state secrets, false reports, forging legal documents, failure to provide unbiased justice, and Retaliation on an Equal Employment opportunity Complaint, wrongful dentition, and denial of rights for personal favoritism.

Plaintiff has paid the $350.00 filing fee. Upon review of the complaint,[1] I find that it must

be dismissed without prejudice for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of

the Federal Rules of Civil Procedure.[2]

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss"

---

[1] The style of the complaint names the following as Defendants: "Commonwealth," "Augusta County," "Augusta County Sheriffs Office," "Sheriff Fisher Augusta County Sheriff Office (In Official Capacity(," "Investigator McCormick Augusta County Sheriff Office (in official capacity)," "Deputy Spence Augusta County Sheriff Office (In Official Capacity)," "Augusta Health Crossroads," "Augusta Health," "Jane Magnum," and "Valley Community Service Board." Plaintiff has filed two other cases in this district. *See Fauber v. Virginia Army National Guard et al.*, Civil Action No. 5:08-cv-00068 (W.D. Va. Apr. 13, 2009) (granting defendants' motions to dismiss for lack of jurisdiction); *Fauber v. Commonwealth: Christy Monolo et al.*, Civil Action No. 5:09-cv-00072 (W.D. Va. Dec. 7, 2009) (dismissing on grounds of 11th Amendment immunity and for failure to state a claim).

[2] Motions to dismiss have been filed (docket nos. 12 and 14), and the pro se Plaintiff has been issued a notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th cir. 1975), that if he fails to respond to the motions to dismiss within twenty-one days, the court may dismiss the case for failure to prosecute. However, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). The present procedural posture of the case notwithstanding, my review of the matter leads me to conclude that I must dismiss it for lack of subject matter jurisdiction.

an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The allegations in the instant complaint do not invoke the court's diversity jurisdiction.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, 28 U.S.C. § 1343(3) endows district courts with original jurisdiction to hear a civil action to

> redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. . . .

However,

> It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Goldsmith*, 845 F.2d at 64.

*Garraghty v. Virginia Retirement System*, 200 Fed. Appx. 209, 211 (4th Cir. 2006).

The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. *Id.*; *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or

no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal quotation marks & citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte*, its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Principles requiring generous construction of pro se pleadings are also not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements; district courts are not required "to conjure up questions never squarely presented to them." *Id.* at 1278.

This action is frivolous, and the court thus lacks subject-matter jurisdiction over it. Liberally construed, the complaint lodges bare and conclusory allegations of misconduct, and does not state a viable federal legal claim. I find that Plaintiff's claims are frivolous and insubstantial. *Hagans*, 415 U.S. at 536-37; *Neitzke*, 490 U.S. at 327 n. 6. Accordingly, the court has no subject matter

jurisdiction to entertain the complaint, and the complaint must be summarily dismissed as such, pursuant to Fed. R. Civ. P. 12(h)(3).

To the extent the complaint possibly could be combed to find a claim that is non-frivolous, a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Fed. R. Civ. P. 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

Here, the complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. In addition to the call in Rule 8(a)(1) for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on

which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (stating that the "no set of facts" language in *Conley* is a "famous observation" that "has earned its retirement"))). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," and the convoluted and redundant narratives and far-fetched legal conclusions render the complaint nearly incomprehensible.[3] The complaint does not provide the defendants "fair notice" of the claims and facts upon which they are based. Therefore, because the complaint does not comply with Rule 8, it could be dismissed on that alternative ground.

In conclusion, a warning to Plaintiff. This complaint is dismissed without prejudice, and Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. However, given the frivolous nature of the instant complaint and Plaintiff's litigation history in the United States District Court for the Western District of Virginia, Plaintiff is hereby warned and given notice that, should he submit any further frivolous filings to this court, the

---

[3] I add that, in the context of Rule 12(b)(6), a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and courts are entitled to dismiss claims when the pleadings are "conclusory" and "do not plausibly establish" that the alleged misconduct occurred. *Id.*, 556 U.S. at ___, 129 S. Ct. at 1951 ("[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth").

court may impose a pre-filing review system. *See Cromer v. Kraft Foods of North America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). If such a system is placed in effect, pleadings presented to the court that are not made in good faith and do not contain substance will be summarily dismissed as frivolous. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). Thereafter, if such filings persist, the pre-filing system may be modified to include an injunction from filings made without prior permission of the court, and Plaintiff may be subjected to the imposition of monetary sanctions. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); *Vestal v. Clinton*, 106 F.3d 553 (4th Cir.1997); *Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997) (*per curiam*).

The Clerk of the Court will be directed to send copies of this memorandum opinion and accompanying order to the pro se Plaintiff, to Defendants, and to any counsel of record.

Entered this 30th day of November, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE